An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALESSANDRO LAVECCHIA,
Appellant,
vs.
MARCIA ROBERTA FERREIRA
BARBALHO,
Respondent.

No. 66151

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a fast track appeal from a district court order establishing child custody. Eighth Judicial District Court, Family Court Division, Clark County; Kenneth E. Pollock, Judge.

The parties have one child together and after separating, maintained an informal custody arrangement in which both parties had some custodial time with the child. In the district court, respondent sought primary physical custody of the child, while appellant advocated for an equal timeshare. The district court determined that joint physical custody was impractical because of appellant's extensive travel for work, and found that it was otherwise in the child's best interest that respondent have primary physical custody. Appellant was awarded visitation two days a week as well as alternating weekends, and approximately one-half of holidays and breaks from school.[1] Appellant argues that many of the district court's factual findings underlying the custody determination are not supported by substantial evidence, and that

---

[1]Appellant was awarded visitation every Monday morning until Tuesday evening and on alternating weekends from Saturday morning until Monday morning, as well as one-half of spring and winter breaks. During the summer, the parties share equal time for two months before reverting to the regular visitation schedule.

15-31615

the custody award was an abuse of discretion. Having considered the parties' arguments and the joint appendix, we conclude that appellant's arguments lack merit.

Appellant first argues that the district court's finding that respondent was the parent more likely to allow frequent associations and a continuing relationship between the child and the noncustodial parent, see NRS 125.480(4)(c) (2009)[2], is not supported by substantial evidence. This court reviews district court findings of fact for substantial evidence, "which is evidence that a reasonable person may accept as adequate to sustain a judgment." *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007). Evidence presented at the custody hearing supports the district court's findings including testimony that appellant substantially delegated his child supervision duties to the child's paternal grandmother, concealed his travel from respondent, and resented the child's relationship with respondent's husband. *See id.* Testimony also supports the district court's finding that appellant's schedule and history of extensive out-of-state travel renders an order of joint custody impractical and that appellant's travel did not enhance the child's stability and growth. *See id.* Overall, the district court found respondent to be more credible, and this court will not reweigh on appeal the credibility of witnesses. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004).

Appellant next argues that the district court abused its discretion by awarding respondent primary physical custody, but granting appellant visitation that exceeds 40 percent of the days in a year. This court in *Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009), provided as a

---

[2]NRS 125.480 (2009) was repealed and reenacted in NRS Chapter 125C by 2015 Nev. Stat., Ch. 445 §§ 8, 19.

guideline that "each parent must have physical custody of the child at least 40 percent of the time to constitute joint physical custody." 125 Nev. at 425-26, 216 P.3d at 224. Although *Rivero* provides a 40-percent guideline for when joint physical custody may be considered, the child's best interest remains paramount, and here the district court made its decision based upon the child's best interest and did not abuse its discretion by awarding respondent primary physical custody subject to appellant's liberal visitation. *See Bluestein v. Bluestein*, 131 Nev., Adv. Op. 14, 345 P.3d 1044, 1048 (2015) (providing that "[r]egardless of [the 40-percent *Rivero*] guideline, . . . in custody matters, the child's best interest is paramount"); *Ellis*, 123 Nev. at 149, 161 P.3d at 241 (recognizing "the district court's broad discretionary powers to determine child custody matters").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Kenneth E. Pollock, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Hanratty Law Group
Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
Eighth District Court Clerk